Nicholson, C. J.,
delivered the opinion of the court.
The bill in this case was filed by complainants to enjoin the prosecution of a suit commenced by defendant against them on a note for $500, executed by James F. Broyles, payable to Thos. L. Arnold, in September, 1863. Complainant Broyles alleges. that while he was under arrest and in prison in 1863, together with a number of other citizens, he engaged Arnold as his attorney to intercede with the military authorities and to procure his release. For this service, and also for attending to such other suits as might be commenced against him for the confiscation of his property or for the crime of treason, he ex *485 ecuted to Arnold his note for $500. He states that Arnold, after getting the note, drew up a petition for the signatures of loyal citizens, addressed to the commander of the post at Greeneville, where he was imprisoned, asking for his release. He alleges that the ■drawing of the petition was all that Arnold did, and that after doing that he failed to perform any other service, and that he was indebted for his release entirely to other friends who volunteered their assistance, the petition never ■ having been signed or presented to the military commander. He alleges that other suits were instituted against him in the Federal Court in connection with his alleged sympathy with the rebellion, but that Arnold failed and refused to attend to' t,hem as his counsel, and that he had to employ other counsel at a heavy cost. He charges that Arnold, by a well and artfully devised scheme, took advantage of the precarious and harrassed condition of complainant to blackmail him; that the whole transaction was ■conceived and brought forth in , fraud by Arnold, and was a glaring breach of that good faith which the law enjoins between attorney and client. He alleges that, in order to buy his peace, he had paid to defendant $100 — not on the note, but as a full and complete extinguishment of all his indebtedness to defendant, and that $100 was largely more than the ■value of his services in drawing the petition. He ■alleges that a court of law is ill-adapted to unravel the scheme charged upon the defendant, and that he •can only have complete justice in a court of equity. He prays for the writ of injunction to enjoin further *486 proceedings at law, and that the note be cancelled' and declared void, and for general relief.
Defendant demurred to the bill, one of the causes of demurrer being that if complainant has any latent equities they can be shown at law as well or better than they can in equity. Upon the overruling of the demurrer, defendant filed his answer, in which he denied all the material allegations of the bill. He was excused from answering on oath, but he availed himself of his right to make affidavit to his answer, and thereupon moved the court for a dissolution of the injunction. The .Chancellor ordered that the injunction be dissolved, and for nothing held, and the defendant was “allowed to proceed at law to collect his debt, and if defendant shall obtain judgment upon-execution or otherwise he shall execute a refunding bond.” But it does not appear from anything in the record whether judgment was taken at law or not.
The parties proceeded to take proof, and on the hearing the Chancellor held that complainants had sustained the allegations of the bill, and were entitled to relief. He decreed that the note be cancelled, and for nothing held, and that defendant be perpetually enjoined from prosecuting the suit pending at law, and that the same be dismissed. He further ordered the clerk and master to take proof, and report whether anything was due to defendant for the service proved to have been rendered in' drawing the petition, be--yond the $100 paid.
From this decree the defendant has appealed.
The allegations of the bill are fully established by *487 the proof, which amply sustains the decree of the Chancellor in declaring the contract fraudulent and void» But it is insisted that the demurrer of the defendant to the bill was erroneously overruled, and that the bill should have been dismissed and the complainant required to make his defense at law.
, The rule is well settled that in cases in which the Circuit and Chancery courts have concurrent jurisdiction, the court which first acquires jurisdiction will retain it. This rule, however, is subject to the qualification, that the court which first acquires jurisdiction, must be capable of doing complete justice between the parties. If there are complications and embarrassments connected with the investigation of the facts, or want of power to settle fully and finally the matters involved in the controversy, then that court is entitled to the jurisdiction which has the means and the power to do complete justice.
It follows that the right of the Chancery Court to take jurisdiction in this case depended upon the question, whether, from the nature of the defense as set up. in the bill, the complainant could have made that defense as fully and as readily in the Circuit as in the Chancery Court. It appears that the note was given in consideration that defendant would perform specific services as an attorney. The complainant alleges a failure of consideration, inasmuch as defendant failed- to perform the services. "We cannot see that complainant could be embarrassed in making this de-fence at law.
But complainant also alleges that defendant took *488 advantage of his condition as a prisoner, and availed himself of the peculiar circumstances of danger which surrounded the complainant, growing out of his relation to the then pending ■ rebellion and the excited situation of the country, to extort from him his note, under fraudulent promises of assistance and protection, which he never gave and never intended to give; and further, that he abused his relation to complainant as his attorney, in thus extorting from him his note without intending to discharge the duties and obligations imposed on him by the confidential relation of client and attorney; and on these grounds he prays for a rescission of the contract and a cancellation of the note.
It is obvious that these allegations make out a clear and strong case for the jurisdiction of a court of equity; and the only question is, whether, from the nature of the defense and the character of the proof that would be necessary to establish it, the Circuit Court ■ furnishes as full and complete means of obtaining complainant’s relief as the Chancery Court? We think it clear that the allegations present a case peculiarly fitted for the jurisdiction of a court of equity, and one in which the investigation of the facts in a court of law could not be free from embarrassment, arid in which that court could not give complete relief by rescinding the contract and ordering the note to be cancelled. The investigation of the •charge of fraudulent conduct in transactions between client and -attorney belongs peculiarly to a court of equity, and can scarcely ever be conducted without *489 ■embarrassment in a court of law. We are therefore of opinion that the Chancellor committed no error in Overruling the demurrer.
It appears that complainant- has paid to defendant $100 for the services rendered. The Chancellor ordered an account to ascertain whether this was full compensation for the services shown to have been rendered. We are of opinion that this was erroneous. The proof shows that all the service rendered was the drafting of a short petition. We think it clear that for this service $100 was ample compensation. This portion of the decree is reversed, and the decree perpetually enjoining the suit is affirmed with costs.